**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Robinson, | No. CV-16-01408-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Universal Protection Service, L.P., et al. | |
| Defendants. | |

Plaintiff Matthew Robinson alleges that Defendant Universal Protection Service ("UPS") terminated him following a leave of absence authorized by the Family and Medical Leave Act ("FMLA"). Doc. 1, ¶¶ 10-34. He asserts claims under the FMLA and for intentional infliction of emotional distress. ¶¶ 35-45.

Defendants produce an arbitration agreement signed by Plaintiff, in which he agreed to submit all disputes with UPS to arbitration. Doc. 12-1. Defendants move for an order compelling arbitration and dismissing this matter in its entirety. Doc. 12. The motion has been fully briefed (Docs. 13, 15) and no party requests oral argument. The Court will grant the motion.

The Federal Arbitration Act ("FAA") provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[S]tatutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA," unless "Congress

itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (citation and internal quotation marks omitted). Congressional intent to preclude a waiver of judicial remedies may be "discoverable in the text of the [statute], its legislative history, or an inherent conflict between arbitration and the [statute's] underlying purposes." *Id.* The party opposing arbitration bears the burden of showing that Congress intended to preclude a waiver of judicial remedies. *Id.*

Plaintiff argues that Congress did not intend to allow employees to waive judicial remedies with respect to their rights under the FMLA. He points to 29 U.S.C. § 2617(a)(2), which provides that "[a]n action to recover the damages or equitable relief prescribed [by the FMLA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction," and to 29 C.F.R. § 825.220(d), which provides that "[e]mployees cannot waive . . . their prospective rights under FMLA." Additionally, Plaintiff argues that the Seventh Amendment protects his right to a jury trial on FMLA claims. Doc. 13 at 3. Defendants counter by pointing to decisions of the Fourth and Eighth Circuits holding that FMLA claims can be subject to mandatory arbitration. Doc. 15 at 2. In *O'Neil v. Hilton Head Hospital*, 115 F.3d 272 (4th Cir. 1997), the Fourth Circuit concluded that "[n]othing in the [FMLA] suggests that Congress wished to exempt disputes arising under it from the coverage of the FAA." *Id.* at 274 (citing *Satarino v. A.G. Edwards & Sons, Inc.*, 941 F. Supp. 609, 613 (N.D. Tex. 1996)). And in *Thompson v. Air Transportation International LLC*, 664 F.3d 723 (8th Cir. 2011), the Eighth Circuit held that "[e]mployment-related civil rights claims," including claims under the FMLA, "can be subject to a mandatory arbitration provision." *Id.* at 727.

The Court agrees with the Fourth and Eighth Circuits. Section 2617(a)(2) does not confer an unqualified right to a judicial forum, as would be necessary to displace the FAA; it provides only that an action to enforce the FMLA "*may* be maintained . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). This language is very similar to the language of the Age Discrimination in Employment Act ("ADEA"),

which the Supreme Court in *Gilmer* found consistent with arbitration. *See Gilmer*, 500 U.S. at 29 ("arbitration is consistent with Congress' grant of concurrent jurisdiction over ADEA claims to state and federal courts, see 29 U.S.C. § 626(c)(1) (allowing suits to be brought "in any court of competent jurisdiction"), because arbitration agreements, like the provision for concurrent jurisdiction, serve to advance the objective of allowing claimants a broader right to select the forum for resolving disputes.") (citation and quotation marks omitted; alteration incorporated).

29 C.F.R. § 825.220(d), which prevents an employee from waiving prospective rights under the FMLA, does not change this analysis.[1] As explained, the FMLA does not create a right to a judicial forum: it simply creates a cause of action and provides that Federal and State courts have subject matter jurisdiction over cases asserting these claims. Because the FMLA does not confer a right to a judicial forum, the anti-waiver provision does not invalidate an agreement to submit an FMLA claim to arbitration. *See Jann v. Interplastic Corp.*, 631 F. Supp. 2d 1161, 1165 (D. Minn. 2009) ("*Gilmer*, therefore, compels the conclusion that individuals may be required to arbitrate FMLA claims, notwithstanding the text of Section 825.220(d).").[2]

Nor does the Seventh Amendment create an unqualified right to a judicial forum in this case. "The Seventh Amendment right to a jury, although a fundamental right, can be waived if done so knowingly and intentionally." *Russell-Stanley Holdings, Inc. v. Buonanno*, 327 F. Supp. 2d 252, 257 (S.D.N.Y. 2002). Moreover, "by agreeing to arbitration . . . [a party] effectively waive[s] her right to a jury trial." *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 231 (3d Cir. 1997). Plaintiff waived his right to a jury

---

[1] Although the parties do not address the question, the Court will assume for purposes of this discussion that a valid federal regulation can preclude application of the FAA. *Cf. Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2007) (deferring to regulation providing that the Endangered Species Act did not apply to certain agency actions under the Clean Water Act).

[2] Even if the FMLA were understood to create a right to a judicial forum, this would be a procedural right, not a substantive right. The Fifth Circuit has held that § 825.220(d) "applies only to waiver of substantive rights under the statute." *Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 320 (5th Cir. 2003).

trial by agreeing to submit all disputes with UPS to arbitration.[3]

**IT IS ORDERED** that Defendants' motion to compel arbitration (Doc. 12) is **granted**. The Clerk of the Court shall enter judgment accordingly and **terminate** this case.

Dated this 9th day of August, 2016.

_____
David G. Campbell
United States District Judge

---

[3] 29 C.F.R. § 825.220(d) does not prevent waiver of the Seventh Amendment right because it applies only to "rights under FMLA."

- 4 -